# IN THE UNITED STATES DISTRICT COURT
# OF THE EASTERN DISTRICT OF TEXAS
# TEXARKANA DIVISION

| ALLEN BISHOP | § | |
| --- | --- | --- |
| | § | |
| V. | § | No. 5:08CV141 |
| | § | |
| TEXARKANA, TEXAS POLICE | § | |
| DEPARTMENT | § | |

## MEMORANDUM ORDER

The above-entitled and numbered civil action was heretofore referred to United States Magistrate Judge Caroline M. Craven pursuant to 28 U.S.C. § 636. The Report of the Magistrate Judge which contains her proposed findings of fact and recommendations for the disposition of such action has been presented for consideration. Plaintiff, proceeding *pro se*, filed objections to the Report and Recommendation. The Court conducted a *de novo* review of the Magistrate Judge's findings and conclusions.

## BACKGROUND

Plaintiff's Complaint was filed on August 13, 2008. A liberal reading of the Complaint identifies age and race discrimination claims under 29 U.S.C. § 621 *et seq*. ("ADEA") and 42 U.S.C. § 2000e, *et seq*., commonly referred to as Title VII of the Civil Rights Act of 1964 ("Title VII"). Plaintiff alleges that in September of 2007 he applied for an entry level position as a police officer with the City of Texarkana, Texas Police Department ("Defendant"). Plaintiff alleges that he passed the written exam and fitness test and was placed on the eligibility list for potential appointment. Plaintiff further alleges that subsequently, during the course of his background check, he received letters from the Human Resources Department and Police Chief Dan Shiner advising that he had been removed from the eligibility list because he was not "license eligible" for the position of police

officer.

Defendant moved for summary judgment, asserting Plaintiff was automatically disqualified as an applicant for the position he sought. According to Defendant, an applicant for appointment to an entry level police officer position who has military service must not have been discharged from that service under less than honorable conditions. Because Plaintiff received an "uncharacterized discharge" rather than an honorable discharge from his military service, Defendant asserted Plaintiff could not establish a *prima facie* case of age or race discrimination.

## **THE REPORT AND RECOMMENDATION**

On March 26, 2009, the Magistrate Judge issued a Report and Recommendation, recommending Defendant's motion for summary judgment be granted and that Plaintiff's above-entitled and numbered cause of action be dismissed with prejudice. The Magistrate Judge found Plaintiff could not initially show that he was qualified for the entry level police officer position. Specifically, Plaintiff failed to come forward with evidence to support his claim despite being afforded the opportunity to conduct discovery. According to the Magistrate Judge, the summary judgment evidence before the Court established that Plaintiff did not meet the required standards under TCLEOSE Rule 217.1 or Texarkana, Texas Civil Service Rule 9.1.8. Thus, Plaintiff was not qualified for the position as a matter of law, and the Magistrate Judge recommended his race and age discrimination claims be dismissed with prejudice.

For purposes of discussion, the Magistrate Judge then assumed that Plaintiff could present a *prima facie* case of race or age discrimination. Even assuming Plaintiff could show that he was qualified for the entry level police officer position, the Magistrate Judge found that Defendant had proffered a legitimate, nondiscriminatory reason for its decision. Specifically, Defendant produced

2

evidence that Plaintiff was deceptive about his military status during the application process and that Defendant properly complied with TCLEOSE Rule 217.1. Plaintiff had not offered any evidence to create a genuine issue of material fact that Defendant's reasons were pretext or that race or age were still motivating factors in Defendant's decision.

### **PLAINTIFF'S OBJECTIONS**

On April 3, 2009, Plaintiff filed objections to the Magistrate Judge's Report and Recommendation. Plaintiff states he submitted to the Court documentation that provides it is illegal to make employment decisions based on an applicant's military discharge status because doing so would have an adverse impact on applicants of a protected class. Plaintiff further asserts the Magistrate Judge erred in finding Plaintiff was not qualified for the position. Finally, Plaintiff objects to the Report and Recommendation, asserting the Magistrate Judge erred in finding Plaintiff was not truthful on his application. Plaintiff explains that his statements during the application process were made to the best of his knowledge.

Defendant filed a response to Plaintiff's objections, asserting the Court should adopt the Report and Recommendation as the findings and conclusions of the Court. Defendant asserts Plaintiff was disqualified for the entry level position as a police officer because he did not meet the minimum requirements mandated by the state agency that governs certification standards for peace officers in Texas. Defendant further asserts the Magistrate Judge correctly found that Defendant had a legitimate, nondiscriminatory reason for its decision.

### **APPLICABLE LAW**

In a race discrimination case, the plaintiff bears the burden of proving a *prima facie* case that the defendant made an employment decision that was motivated by a protected factor. *McDonnell*

*Douglas Corp. v. Green*, 411 U.S. 792, 802-803, 93 S.Ct. 1917 (1973). The plaintiff must show (i) he is a member of a protected class; (ii) he was qualified for the position; (iii) an adverse employment action occurred; and (iv) a person who is not a member of the protected class was hired. *St. Mary's Honor Ctr. v. Hicks*, 590 U.S. 502, 503, 113 S.Ct. 2742 (1993).

Under the Age Discrimination in Employment Act ("ADEA") it is unlawful for an employer to discharge a person from employment because of the individual's age. *See* 29 U.S.C. § 623. "When a plaintiff alleges disparate treatment, liability depends on whether the protected trait (under the ADEA, age) actually motivated the employer's decision." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 141 (2000)(*citing Hazen Paper Co. v. Biggins*, 507 U.S. 604, 610 (1993)). To demonstrate age discrimination a "plaintiff must show that (1) he was discharged; (2) he was qualified for the position and was performing his job at a level that met the employer's legitimate expectations; (3) he was within the protected class at the time of discharge; and (4) he was either i) replaced by someone outside the protected class, ii) replaced by someone younger, or iii) otherwise discharged because of his age.'" *O'Connor v. Consolidated Coin*, 517 U.S. 308 (1996); *Palasota v. Haggar Clothing Co.*, 342 F.3d 569, 576 (5th Cir. 2003)(*quoting Bodenheimer v. PPG Indus., Inc.*, 5 F.3d 955, 957 (5th Cir. 1993)).

In *Rachid v. Jack in the Box, Inc.*, the Fifth Circuit found that the United States Supreme Court's decision in *Desert Palace* was also applicable under the ADEA and, therefore merged the *McDonnell Douglas* and *Price Waterhouse* approaches to analyzing such claims. *Rachid v. Jack in the Box, Inc.*, 376 F.3d 305 (5th Cir. 2004)(*citing Desert Palace, Inc. v. Costa*, 123 S.Ct. 2148 (2003)). Under this integrated approach, called the modified *McDonnell Douglas* approach, the plaintiff must still demonstrate a *prima facie* case of discrimination; the defendant then must

4

articulate a legitimate, non-discriminatory reason for its decision to terminate the plaintiff; and, if the defendant meets its burden of production, "the plaintiff must then offer sufficient evidence to create a genuine issue of material fact either (1) that the defendant's reason is not true, but is instead a pretext for discrimination (pretext alternative); or (2) that the defendant's reason, while true, is only one of the reasons for its conduct, and another 'motivating factor' is the plaintiff's protected characteristic (mixed-motive[s] alternative)." *Rachid v. Jack in the Box, Inc.*, 376 F.3d 305 (5th Cir. 2004). If a plaintiff demonstrates that age was a motivating factor in the employment decision, it then falls to the defendant to prove that the same adverse employment decision would have been made regardless of discriminatory animus. *Id*. "If the employer fails to carry this burden, plaintiff prevails." *Id*.

Thus, there are four possible steps to the modified *McDonnell Douglas* approach: (1) the plaintiff must demonstrate a *prima facie* case of discrimination; (2) if so, the defendant then must articulate a legitimate, non-discriminatory reason for its decision, (3) if so, the plaintiff must offer sufficient evidence to create a genuine issue of material fact that the pretext is not true or that although it is true, age is still a motivating factor, (4) if so, the defendant must prove that the same adverse employment decision would have been made regardless of discriminatory animus. *See Rachid*, 376 F.3d 305 (5th Cir. 2004).

## *DE NOVO* REVIEW

The Court has carefully reviewed the Report and Recommendation, Plaintiff's objections to the Report and Recommendation, and Defendant's response to Plaintiff's objections. As detailed in the Report and Recommendation, Plaintiff has failed to demonstrate a *prima facie* case of discrimination. Under § 217.1 of the Minimum Standards for Initial Licensure, an applicant is not

5

qualified if he was discharged from **any** military service "under less than honorable conditions." Plaintiff's Original Complaint admits that his discharge was "uncharacterized." Under TCLEOSE Rule 217.1(13)(A), the designation of "under less than honorable conditions" encompasses Plaintiff's service with the U.S. Army Reserves. Thus, Plaintiff was not qualified for the position of entry level police officer as a matter of law, and his race and age discrimination claims should be dismissed with prejudice.

Even if Plaintiff could demonstrate a *prima* facie case of discrimination, the Court agrees with the Magistrate Judge that Defendant has presented a legitimate, nondiscriminatory reason for its decision. In his written job application, Plaintiff represented that he had served in the U.S. Army from 1991 through 1999 and that his discharge from the U.S. Army was honorable. Plaintiff also failed to identify his prior service in the U.S. Navy. As the summary judgment evidence establishes, Plaintiff's service in the U.S. Army Reserves was less than he stated, and his discharge was not under honorable conditions. Additionally, the background investigation revealed that Plaintiff entered the U.S. Navy on March 10, 1986 and separated April 29, 1986. The character of his service with the U.S. Navy was identified as "entry level separation" which, according to Defendant, also would have disqualified Plaintiff under Rule 217.1(13)(A). Finally, Plaintiff has not produced substantial evidence to support a claim that Defendant's articulated reasons for its actions are false or that race or age discrimination was actually the motivating factor for its decision.

Thus, Plaintiff's objections are without merit. The Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct. Therefore, the Court hereby adopts the Report of the United States Magistrate Judge as the findings and conclusions of this Court. Accordingly, it is hereby

**ORDERED** that Defendant's Motion for Summary Judgment (Dkt. No. 32) is hereby **GRANTED**. It is further

**ORDERED** that Plaintiff's above-entitled and numbered cause of action is **DISMISSED WITH PREJUDICE**.

**SIGNED this 14th day of April, 2009.**

DAVID FOLSOM
UNITED STATES DISTRICT JUDGE